IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | CRIMINAL NO. 2:11cr145 |
| | ) | CIVIL NO. 2:13cv98 |
| | ) | |
| DERRICK DAVON ROBERTS | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE OF THE UNITED STATES TO DEFENDANT'S
MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE**

The United States of America, by its attorneys, Neil H. MacBride, United States Attorney, and William D. Muhr, Assistant United States Attorney, respectfully submits this response to defendant Derrick Davon Robert's motion pursuant to Title 28, Untied States Code, Section 2255 to Vacate, Set Aside or Correct His Sentence.

**FACTUAL AND PROCEDURAL HISTORY**

**A.** **Indictment**

On August 18, 2011, Roberts, along with co-defendant Eric Goodman, was named in a thirteen count Indictment issued by a federal grand jury sitting in Norfolk, Virginia. The Indictment charged Roberts with one count of a Hobbs Act Conspiracy, in violation of 18 U.S.C. § 1951(a), six substantive Hobbs Act Robberies in violation of 18 U.S.C. § 1951(a) and six counts of Using a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A).

**B.** **Proceedings in District Court**

Defendant was arrested on July 27, 2011, on a Criminal Complaint that was filed with the Court on July 13, 2011. After making his initial appearance on these charges, Roberts was appointed Lawrence H. Woodward, Jr. to serve as his counsel in this matter. Roberts was

1

arraigned on August 31, 2011. Defense counsel was provided with the entire discovery in the case.

On October 10, 2011, this Court held a change of plea hearing. At the hearing, while under oath and after proper examination by the Court the defendant pled guilty to Counts Three and Eleven. Both of these counts charged the defendant with Use of a Firearm in Furtherance of a Crime of Violence. As a result of the guilty plea the defendant was facing a mandatory minimum sentence of thirty-two years imprisonment and a maximum sentence of Life. During the plea hearing, the Court made certain that the defendant had sufficient time to speak with Mr. Woodward to make certain the defendant understood that the proceeding before the Court was for the defendant to enter a guilty to two charges in the indictment and that the defendant understood the plea agreement and discussed every paragraph with Mr. Woodward. (Ex. 1, Plea Hearing Transcript pp. 4-5). The Plea Agreement which was filed by the Court and was signed by the defendant and initialed on each page clearly states on the first page that the mandatory minimum sentence for Count Three is seven years and the mandatory minimum sentence on Count Eleven is twenty-five years. (Ex. 2, Plea Agreement p. 1)

During the plea hearing the Court informed the defendant on three separate occasions that by pleading guilty to Counts Three and Eleven, both charging him with use of a firearm during a crime of violence, that the defendant would be subject to a mandatory minimum sentence of seven years on Count Three and a twenty-five year mandatory minimum sentence on Count Eleven for a total mandatory minimum sentence of thirty-two years. (Ex. 1, Plea Hearing Transcript pp. 5, 6, 12) On each occasion the defendant answered in the affirmative that he understood the mandatory minimum sentences. When the Court inquired of Mr. Woodward if there were any meritorious defenses, during the course of Mr. Woodward's answer, he informed the court that he explained to the defendant the mandatory minimum sentences on 924 gun

counts. (Ex 1, Plea Hearing Transcript p. 13) The Court also made certain that the defendant understood that by pleading guilty pursuant to the plea agreement that he was waiving his right to appeal his sentence.

Thereafter, on February 22, 2012 the Court sentenced defendant to the mandatory minimum sentences of 84 months on Count Three and 300 months on Count Eleven for a total consecutive sentence of thirty-two years. All other counts were dismissed. Defendant did not appeal the judgment of the District Court.

### C. Defendant's Motion Pursuant to 28 U.S.C. § 2255

On February 19, 2013, defendant made the current motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant made this motion under the penalty of perjury. In this motion, defendant argues that he is due relief because (1) Mr. Woodward was ineffective by failing to explain to the defendant the consequence of pleading guilty; (2) Mr. Woodward was ineffective by failing to file a notice of appeal; (3) Mr. Woodward was ineffective at sentencing by failing to present mitigating factors to lessen the mandatory minimum sentence of thirty-two years based on 3553 sentencing factors; (4) And the Count violated defendant's Due Process rights and a right to a fair trial by denying him a three point reduction for acceptance of responsibility. On March 15, 2013, the Court ordered the United States to respond within forty-five days. The United States hereby responds to defendant's motion.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, there are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues; (2) challenges to the District Court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise

subject to collateral attack. See 28 U.S.C. § 2255. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." Jones v. United States, No. 4:09CV76, 2010 WL 451320, at *4 (E.D. Va. Feb. 8, 2010) (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992)); see also United States v. Addonzio, 442 U.S. 178, 185 (1979) (affirming that Section 2255 is appropriate for instances where there is an error constituting a "fundamental defect which inherently results in a complete miscarriage of justice"); Davis v. United States, 417 U.S. 333, 346 (1974) (indicating that not every asserted error of law constitutes a complete miscarriage of justice).. The movant bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curium).

## III. ANALYSIS

### A. Legal Standard for Claims of Ineffective Assistance of Counsel.

Under well-settled principles first articulated by the Supreme Court in Strickland v. Washington, defendant must demonstrate: (1) that his attorney's performance was constitutionally deficient when judged under an objective standard of reasonableness; and (2) that he was so prejudiced by his attorney's deficient performance that there is a reasonable probability that, but for his deficiencies, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-89 (1984); see also Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

The "deficient performance" component of this two-pronged formulation requires a litigant to demonstrate "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. That is, a litigant must show that his attorney's performance fell below an objective standard of

reasonableness.  Id. at 688.  Judicial scrutiny of an attorney's performance "must be highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  Furthermore, in considering whether an attorney performed below the level expected of a reasonably competent attorney, it is necessary to "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  Id. at 690.  As stated by the Fourth Circuit, the standard for deficient performance is "not merely below average performance; rather, the attorney's actions must fall below the wide range of professionally competent performance."  Griffin v. Warden, Md. Corr. Adjustment Ctr., 970 F.2d 1355, 1357 (4th Cir. 1992).

The "prejudice" component of Strickland requires a litigant to prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  This prong of the test focuses on the question of whether an attorney's deficient performance rendered the result of the proceeding unreliable or fundamentally unfair.  Id. at 687.  The defendant "bears the burden of proving Strickland prejudice," and "[i]f the defendant cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong."  Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).  In any review of counsel's performance, the court should be "highly deferential" in assuming that the conduct was reasonable under the circumstances.  Strickland, 466 U.S. at 689.

A litigant who alleges ineffective assistance of counsel following the entry of a guilty plea, such as defendant does here, has an even higher burden to meet.  See, e.g., United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007), cert. denied, 128 S. Ct. 707.  In such cases, the "prejudice" prong of Strickland is "slightly modified.  Such a defendant 'must show that there is

a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have instead gone to trial.'" Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988).

Moreover, a defendant is not entitled to a hearing on an ineffective assistance of counsel claim based on "unsupported, conclusory allegations." See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), overruled on other grounds, Grey v. Netherland, 518 U.S. 152, 165-66 (1996).

The failure of a litigant to meet *either* component of the Strickland test defeats an ineffective assistance of counsel claim. Strickland, 466 U.S. at 700. The court need not address both components of the test if the litigant makes an insufficient showing on one prong of the test. Id. at 697. Here, defendant cannot, as to any of his three claims, satisfy the Strickland test.

**B.     ISSUE ONE: Defendant pled guilty knowing the full consequence of his guilty plea that he would be sentenced to a minimum of thirty-two years.**

The defendant claims that Mr. Woodward told him that if he entered a guilty plea pursuant to the plea agreement offered to him that his sentence would be between 120 to 180 months. Therefore, defendant claims that he entered into the plea agreement because he relied on the erroneous advice of Mr. Woodward. The known facts regarding the guilty plea of the defendant belie the defendant's claim.

During the course of the Rule 11 guilty plea Mr. Woodward informed the Court that he explained to the defendant the mandatory minimums in regards to 924 gun counts. (Ex 1, Plea Hearing Transcript p. 13) In addition, the Court itself, during the plea hearing informed the defendant on three separate occasions that by pleading guilty to Counts Three and Eleven, both charging him with use of a firearm during a crime of violence, that the defendant would be subject to a mandatory minimum sentence of seven years on Count Three and a twenty-five year mandatory minimum sentence on Count Eleven for a total mandatory minimum sentence of

thirty-two years. On each occasion the defendant answered in the affirmative that he understood the mandatory minimum sentences. (Ex. 1, Plea Hearing Transcript pp. 5, 6, 12) Lastly, the defendant's Plea Agreement which was filed by the Court and was signed by the defendant and initialed on each page clearly states on the first page that the mandatory minimum sentence for Count Three is seven years and the mandatory minimum sentence on Count Eleven is twenty-five years. (Ex. 2, Plea Agreement p. 1). Obviously the defendant was not laboring under some false notion when he entered the guilty plea that he would only receive a sentence in the range of 120-180 months when it was made abundantly clear to him by both the Court, Mr. Woodward and the plea agreement itself that he would be subject to a mandatory minimum sentence of thirty-two years by entering into the guilty plea. Clearly the defendant's claim is fabricated, without merit, and should be dismissed.

    **C.    ISSUE TWO: Defendant claims that Mr. Woodward was ineffective by failing to file a notice of appeal.**

Defendant claims that he wrote Mr. Woodward several letters requesting Mr. Woodward to file an appeal on behalf of the defendant. Defendant does not specify whether he wrote these letters within the time frame wherein the filing of a notice of appeal would have been timely or whether he wrote them after that time frame. The law is clear that it is per se ineffective assistance of counsel if a defense counsel fails to file an appeal at the request of a defendant. Evitts v. Lucey, 469 U.S. 387, 391-405; Jones v. Barnes, 463 U.S. 745, 751 (1983); Anders v. California, 386 U.S. 738, 744 91967)

It is doubtful that an attorney who possesses as much experience as Mr. Woodward would have purposefully failed to file an appeal at the timely request of the defendant. Nevertheless, either by a court ordered affidavit from Mr. Woodward or through an evidentiary

7

hearing[1] it will have to be determined if defendant in fact requested a timely appeal and whether or not Mr. Woodward denied his request. If the defendant's claim is false then this issue should be dismissed, however if his claim is true than it would appear that defendant should be allowed to file an appeal. In his plea agreement, defendant knowingly and voluntarily waived his right to an appeal, therefore, any filing of an appeal will be subject to summary dismissal by the Fourth Circuit. United States v. Linder, 552 F.3d 391, 396-97 (4th Cir. 2008)

**D. ISSUE THREE: Defendant's mandatory minimum sentence of thirty-two years could not be reduced by any mitigating factors based on 3553 sentencing factors.**

Defendant claims that Mr. Woodward was ineffective because he failed to present any mitigating factors based on 3553 sentencing factors to reduce the defendant's sentence from the mandatory minimum sentence of thirty-two years to a sentence between 120-180 months. There simply are no mitigating sentencing factors in regards to a mandatory minimum sentence that could be presented to the court in order to mitigate the defendant's sentence below the mandatory minimum sentence. See U.S.S.G § 5G1.1(b)&(c) and United States v. Crittendon, 883 F.2d 326, 330-31 (4th Cir. 1989). Therefore, since no mitigating sentencing factors exists, Mr. Woodward was obviously not ineffective by failing to present and argue mitigating factors to reduce the defendant's sentence from the mandatory minimum sentence of thirty-two years to 120-180 months. This issue should be dismissed.

**E. ISSUE FOUR: The Court did not violate the defendant's Due Process rights and a right to a fair trial by denying defendant a three point reduction for acceptance of responsibility.**

The Court sentenced the defendant to the mandatory minimum sentence of thirty-two years which is the lowest possible sentence by the law that the Court could give to the defendant. Because it is a mandatory minimum sentence it is not subject to any reduction for acceptance of

---

[1] By virtue of a 2010 American Bar Association Opinion, defense counsels are generally unwilling to provide a responsive affidavit upon the request of the United States. See ABA Formal Op. 10-456 (July 14, 2010) (noting that it is "highly unlikely" that defense counsel will be justified in providing information to a prosecutor when a former client brings an ineffective assistance of counsel claim, absent a court-supervised response).

responsibility.  See U.S.S.G § 5G1.1(b)&(c) and <u>United States v. Crittendon</u>, 883 F.2d 326, 330-31 (4th Cir. 1989).  Therefore the Court did not violate the defendant's Due Process rights and this issue should be dismissed.

**IV.     Conclusion**

On Issues One and Three the defendant has failed to demonstrate that Mr. Woodward was ineffective pursuant to the <u>Strickland</u> standard.  Therefore these issues should be dismissed.  In regards to Issue Two, the Court will have to either order Mr. Woodward to submit an affidavit or conduct an evidentiary hearing to determine (1) whether the defendant made a timely requested of Mr. Woodward to file an appeal. (2) And if so, whether Mr. Woodward failed to file the appeal.  If the defendant's claim is false then this issue should be dismissed.  However, if the defendant's claim is true then it would appear that he should be allowed to file an appeal even though it is subject to summary dismissal by the Fourth Circuit because the defendant waived his right to appeal in his plea agreement.  In regards to Issue Four, the defendant has failed to demonstrate that the Court violated his Due Process rights and therefore this issue should be dismissed.

        Respectfully submitted,

        Neil H. MacBride
        United States Attorney

By:        /s/
        William D. Muhr
        Virginia Bar No. 30652
        Assistant United States Attorney
        United States Attorney's Office
        101 West Main Street, Suite 8000
        Norfolk, Virginia 23510
        757-441-6331 (Office)
        757-441-6689 (Fax)
        [Bill.Muhr@usdoj.gov](mailto:Bill.Muhr@usdoj.gov)

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of April, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and mailed a true and correct copy of the foregoing to the following non-filing user:

**Derrick Devon Roberts**
Federal Inmate No. 78812-083
F.C.I. Beckley
Federal Correctional Institution
P.O. Box 350
Beaver, WV 25813

/s/
William D. Muhr
Virginia Bar No. 30652
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
757-441-6331 (Office)
757-441-6689 (Fax)
Bill.Muhr@usdoj.gov